IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMILCAR GUEVARA, | | |
| | Plaintiff, | No. 2:09-cv-1132 FCD KJN P |
| vs. | | |
| A. RALLS, et al., | | |
| | Defendants, | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

I. Introduction

      Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendant C. McCarvel's motion to dismiss, filed on February 17, 2010, on the grounds that plaintiff has failed to exhaust his administrative remedies. Dkt. No. 35. On March 1, 2010, plaintiff filed a motion for production of documents that also included a brief opposition to the motion to dismiss.[1] Dkt. No. 42. For the reasons that follow, the court recommends that the motion be denied and defendant McCarvel file an answer to the complaint within sixty days.

---

[1] The opposition is little more than one page in length and does not quite address the issue raised by defendant.

1

II. Motion to dismiss

Background

This case is proceeding on the original complaint, filed April 27, 2009, against defendant guards Ralls, Scruggs, Ramirez and McCarvel.[2] Only defendant McCarvel has brought the instant motion to dismiss.[3]

This case arises out of an incident on April 30, 2007, whereby plaintiff alleges that Ralls, Scruggs and Ramirez used excessive force against plaintiff. Plaintiff contends that defendant McCarvel failed to prevent the use of force by the other defendants and was responsible for the building where the incident occurred. On September 29, 2009, the court deemed service appropriate for claims of excessive force against Ralls, Scruggs and Ramirez and for McCarvel insofar as the complaint alleged McCarvel failed to prevent the others from using excessive force against plaintiff. Dkt. No. 15 at 2.

Legal Standard

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not

---

[2] Ralls has yet to be served, and by order on February 16, 2010, the court provided plaintiff sixty days to serve Ralls. Dkt. No. 32.

[3] Defendants Scruggs and Ramirez filed an answer to the complaint on February 16, 2010. Dkt. No. 31.

2

meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740, n. 5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734.[4]

A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

The PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's

---

[4] The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

1  requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v.
2  Bock, 549 U.S. 199, 218 (2007).  Where a prison's grievance procedures do not specify the
3  requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts the
4  prison to the nature of the wrong for which redress is sought.'" Griffin v. Arpaio, 557 F.3d 1117,
5  1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).  The
6  grievance need not include legal terminology or legal theories unless they are needed to provide
7  notice of the harm being grieved.  Id.  Nor must a grievance include every fact necessary to prove
8  each element of an eventual legal claim.  Id.  The purpose of a grievance is to alert the prison to a
9  problem and facilitate its resolution, not to lay groundwork for litigation.  Id.

10          The State of California provides its prisoners the right to appeal administratively
11 "any departmental decision, action, condition or policy which they can demonstrate as having an
12 adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them
13 the right to file appeals alleging misconduct by correctional officers and officials.  Id. §
14 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner
15 must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal
16 on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and
17 (4) third level appeal to the Director of the CDCR. Barry v. Ratelle, 985 F.Supp. 1235, 1237
18 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5).  A final decision from the Director's
19 level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

20          Non-exhaustion under § 1997e(a) is an affirmative defense which should be
21 brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil
22 Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

23          Analysis
24          Defendant McCarvel argues that plaintiff has not exhausted the claim against him.
25          On May 17, 2007, plaintiff filed Appeal No. 0707362, Log No. C-07-01240.
26 Motion to Dismiss (MTD) at 2.  Plaintiff alleged that Scruggs and another unidentified guard,

later identified as Ramirez, used excessive force against plaintiff. Complaint (Compl.) at 19-20.[5] There was no reference to defendant McCarvel at this time. On June 24, 2007, the appeal was partially granted at the first level and a confidential investigation was started into the incident. MTD, Exh. A at 33-34.[6]

On August 1, 2007, plaintiff, who was dissatisfied with the response he received, requested additional action be taken at the second level. Compl. at 23. There was still no reference to defendant McCarvel. Id. On August 14, 2007, the warden issued a response stating that plaintiff's appeal was partially granted at the second level as an inquiry into the allegations was being conducted. MTD, Exh. A at 32.

In response to the second level decision on August 29, 2007, plaintiff requested that additional action be taken. Compl. at 23. This was the first instance in the appeals process that plaintiff referred to defendant McCarvel. Although it is difficult to discern plaintiff's exact handwritten words, he describes the need for the modification of the practices and policies and indifference by supervisor McCarvel. Compl. at 23. Plaintiff's statement concerning defendant McCarvel was part of the same appeal regarding the incident of excessive force against Scruggs and Ramirez.

On December 7, 2007, the matter was reviewed on the third and final level and denied by N. Grannis, Chief of the Inmate Appeals Branch. Compl. at 46-47. In this final decision there was no reference to defendant McCarvel or plaintiff's allegations against him.

Defendant McCarvel contends that because he was not mentioned until the response to the second level decision, plaintiff inappropriately added new issues at the third level which were never decided. MTD at 5.

---

[5] The court has referred to all page numbers as they appear on the court's electronic filing system, as the petition is not numbered consecutively.

[6] The court has referred to all page numbers as they appear on the court's electronic filing system, as defendant's exhibit is not numbered.

5

        Defendant cites no authority for the proposition that adding a party in the middle of the inmate appeal process will not properly exhaust that party. While defendant does correctly cite to several cases regarding exhaustion decided from 2002 to 2006, defendant has neglected to discuss Jones v. Bock, 549 U.S. 199 (2007). While Jones does not address this exact situation in the instant case, the holding is nonetheless on point.

        While resolving various discrepancies concerning exhaustion in the PLRA, the Court in Jones held that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Id. at 218. The Court further stated that ". . . exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Id. at 219 (italics in original).

        As a result, CDCR's requirements regarding the amount of detail needed in an inmate appeal will determine whether plaintiff has properly exhausted the administrative remedies. Id. at 217-18. Pursuant to Cal. Code Regs. tit. 15, § 3084.2, CDCR does not require an inmate to identify all defendants in the appeal form. Rather, CDCR requires the inmate "to describe the problem and action requested." Cal. Code Regs. tit. 15, § 3048.2(a).

        In Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit, while deciding an Arizona case, noted that "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Id. at 1120 (citations omitted). In Griffin, the plaintiff failed to mention in his grievance that the remedy to his problem that had been ordered by a prison nurse had been ignored by the prison staff. As a result, the prison officials who were aware of the nurse's order reasonably believed that the order solved the problem. In view of these facts, the Ninth Circuit concluded that the plaintiff failed to properly exhaust his administrative remedies because he did not provide notice of the prison staff's alleged disregard of the nurse's order and the prison was never alerted "to the nature of his problem." See id. at 1121.

In the instant case, even though plaintiff failed to mention defendant McCarvel at the outset of the grievance process, defendant was mentioned in the response to the second level decision and the prison was alerted to defendant's involvement and the nature of plaintiff's grievance against him. Based on plaintiff's statement concerning the practices and policies and alleged indifference of defendant McCarvel as a supervisor during an excessive force incident, prison officials were aware of the nature of plaintiff's problem. In addition, plaintiff's grievance against defendant McCarvel was related to the underlying incident and the excessive force claims against the other defendants.

The third level decision denying plaintiff's appeal that occurred after plaintiff presented the allegations against defendant stated that, "[a]ll submitted documentation and supporting arguments of the parties have been considered." Compl. at 46. As the allegations against defendant McCarvel were set forth on the appeal in response to the second level decision, it is clear that prison officials had the opportunity to investigate the matter. It appears that prison officials chose not to address the claims against defendant McCarvel in the third level response as his name was not referenced.

Thus, plaintiff's grievances were sufficient to put prison officials on notice of plaintiff's complaint against defendant McCarvel. That prison officials did not look further into the allegations against defendant does not support defendant's contention that plaintiff failed to exhaust the administrative remedies.

In denying defendant's motion herein, however, the court takes no position regarding whether plaintiff's allegations against defendant McCarvel, or the lack thereof, are sufficient to survive a motion for summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that the motion to dismiss (Dkt. No. 35), filed on February 17, 2010, be denied and defendant McCarvel answer the complaint within sixty days.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

guev1132.mtd