IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMILCAR GUEVARA,

       Plaintiff,                    No. 2:09-cv-1132 FCD KJN P

      vs.

A. RALLS, et al.,

       Defendants.              <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed numerous motions related to discovery, which the court will address seriatim.

        On April 12, 2010 plaintiff filed a motion to compel production of documents and video recording. On May 3, 2010, defendants filed an opposition to plaintiff's motion to compel production of the video recording or DVD. (Dkt. No. 56.) On May 7, 2010, defendants were granted leave, nunc pro tunc, to file an opposition to plaintiff's motion to compel further production of documents. (Dkt. No. 57, 61.) These motions are now submitted for decision. Good cause appearing, the May 20, 2010 order to show cause will be discharged.

        Plaintiff contends he is entitled to possess the video recording of the incident at issue in this lawsuit. Defendants contend plaintiff may not possess a DVD in his cell. Cal. Code

1

1  of Regs., tit. 15 § 3190.  Defendants state they responded to plaintiff's request on March 24,
2  2010, and made arrangements for plaintiff to view the DVD on April 19, 2010.  (Dkt. No. 56 at
3  2.)  Moreover, defendants state a copy of the DVD is held in the litigation office at the California
4  State Prison, Corcoran, and plaintiff may request to review the DVD again if he wishes.  (Id.)
5         Plaintiff did not file a reply and has failed to rebut defendants' response.
6  Accordingly, plaintiff's motion to compel production of the video recording will be denied.
7         The court now turns to plaintiff's April 12, 2010 motion to compel further
8  responses to request for production of documents, nos. 1 - 4.

> Request No. 1:  Please produce all documents, items of evidence or sworn, unsworn statements or affidavits that relate to the allegations/facts made in Plaintiff's complaint including but not limited to and which attorney Monica Noella Anderson, repeatedly complained of or refer to in the defendants answer as, "Defendants are without sufficient information to admit or deny."

13  (Opp'n at 2.)  Defendants objected to this request as overbroad, vague, ambiguous, and
14  incomprehensible.  Id.  Despite those objections, defendants provided a copy of the CDC 115
15  Rules Violation Report given to plaintiff for the April 30, 2007 incident, and the CDC 837
16  Crime/Incident Report of the April 30, 2007 incident.  (Opp'n at 2, Attachment A.)
17         Plaintiff alleges defendants failed to explain their objections and states defendants
18  are "using his request to introduce/produce unsolicited information and which is prejudicial to
19  Plaintiff."  (Mot. at 2.)
20         Defendants' objections are well-taken.  It appears the documents provided to
21  plaintiff are related to the incident at issue herein.  However, defendants state they have provided
22  plaintiff with all "nonconfidential" documents related to the incident.  Defendants have not
23  explained what confidential documents they have not provided, nor why plaintiff is not entitled
24  to have access to documents related to the incident at issue herein.  Accordingly, the court will
25  order defendants to provide the court and plaintiff, within thirty days from the date of this order,
26  a list of each document related to the instant incident defendants contend is confidential, and

2

1 identify the author of the document.  Defendants shall explain why each document is
2 confidential, with supporting legal authority, and explain why plaintiff should not have access to
3 such document.  Plaintiff will be provided an opportunity to respond.  Once this briefing has
4 been submitted, the court will determine whether an in camera review will be required.  If
5 defendants have no confidential documents related to the instant incident that they have not
6 produced to plaintiff, they shall file a declaration stating same.  Thus, plaintiff's motion to
7 compel further response to Request No. 1 will be partially granted.

> Request No. 2:  Please produce all documents that contain, mention, construe or refer to policies, regulations, and local procedures on staff supervision of inmates, staff at California State Prison-Sacramento C-facility.

11 (Opp'n at 3.)  Defendants objected to this request as overbroad, vague and ambiguous, and not
12 likely to lead to the discovery of admissible evidence.  Id.

13 In his motion, plaintiff explained he was attempting to obtain policies that relate
14 to use of force by staff, and whether staff are required to protect an inmate during an incident
15 where force is used.  Defendants then responded by providing plaintiff with a copy of the Use of
16 Force policy from the California Code of Regulations, title 15.  (Opp'n at 4.)

17 Plaintiff has failed to file a reply to defendants' response.  Defendants' initial
18 objections are well-taken, and defendants subsequently provided plaintiff with the policy related
19 to the incident herein.  Plaintiff's motion to compel further response to Request No. 2 will be
20 denied.

> Request No. 3:  Please produce all documents that contain, mention, construe or refer to policies, regulations and Local Procedures on staff, supervisors responses to non-prisoners inmate threats, assaults and use of force, at the California State Prison- Sacramento C-Facility.

24 (Opp'n at 4.)  Defendants objected to this request as overbroad, vague and ambiguous, and not
25 likely to lead to the discovery of admissible evidence.  Id.  Defendants also raised myriad
26 ////

3

1   substantive objections, but provided plaintiff with a copy of the Use of Force policy.  Cal. Code
2   Regs., tit. 15, §§ 3268, et seq.
3        In his motion, plaintiff disagreed with defendants' objections, arguing his request
4   was relevant.  Plaintiff failed to file a reply as to the production of the Use of Force policy.
5        Defendants' objections to the request are well-taken.  Plaintiff's motion to compel
6   further response to Request No. 3 will be denied.

> Request No. 4:  Please produce all documents written or created since defendants were employed or worked at C.S.P. Sacramento that contain, mention, construe or refer to any inquiry or complaint about abuses, unnecessary or inappropriate force, and cover up of the same by filing misconduct reports on inmates at California State Prison-Sacramento, whether informal, formal, official or unofficial including but not limited to inmates, staff and civilian, grievances, complaints and appeals.  Including but not limited to, responses to such documents prepared by C.S.P. Sacramento staff or agents in which defendants were part of in response or otherwise involved.

(Opp'n at 7.)  Defendants objected to this request as overbroad, vague and ambiguous, and not likely to lead to the discovery of admissible evidence.  Id.  Moreover, defendants object that the request lacks foundation as there is no proof that any instance of use of force has been "covered up," and the request calls for defendants to draw a legal conclusion.

Defendants' objections are well-taken.  This request was not narrowly tailored to seek discovery as to incidents similar to the incident at issue herein, and the time limits were not appropriately limited.  Plaintiff's motion to compel further response to Request No. 4 will be denied.

On June 4, 2010, plaintiff filed a document styled "Request for Nunc Pro Tunc Extension of Time to Serve Set of Admissions to Defendants and Extension of Discovery so Defendants Can Respond to Plaintiff's Request for Admissions."  Id.  Plaintiff states he misread this court's scheduling order that requires discovery requests to be served not later than sixty days prior to the discovery deadline of May 21, 2010.  Plaintiff argues that no one will be

////

prejudiced by this extension, and that the parties will benefit by substantiating the facts. (Id. at 3.)

However, plaintiff failed to identify to whom the request for admissions was directed or to provide a copy of the request for admissions, so the court is unable to determine whether these requests would, in fact, benefit the parties herein. Because plaintiff has failed to demonstrate that requests for admissions would be helpful in this action, his request will be denied.

On June 14, 2010, plaintiff filed a motion asking the court to shorten the deadline by which defendant McCarvel has to file a responsive pleading. (Dkt. No. 69.) On June 14, 2010, plaintiff also filed a motion for nunc pro tunc extension of time to file a motion to compel defendant McCarvel to further respond to plaintiff's set of interrogatories. (Dkt. No. 70.) Plaintiff argues that: discovery as to defendant McCarvel was delayed during the pendency of his motion to dismiss; his responsive pleading is not due until June 29, 2010; and defendant McCarvel was also provided an extension of time in which to respond to the interrogatories. Plaintiff provided a copy of the interrogatories and defendant McCarvel's responses. (Dkt. 69 at 5-20.) Finally, plaintiff seeks a court order requiring defendant McCarvel to "properly respond" to the interrogatories. It appears plaintiff mistakenly sought interrogatory responses based on defendant McCarvel's answer, which has not yet been filed.

Good cause appearing, plaintiff will be granted an extension of time in which to file a motion to compel further responses to plaintiff's request for interrogatories, set one, directed to defendant McCarvel. However, before plaintiff files such a motion, defendant McCarvel will be directed to update his responses to those interrogatories directed to his answer filed in the instant action within twenty-one days from the date he files an answer herein. Within twenty-one days from the date plaintiff receives defendant McCarvel's supplemental responses, plaintiff may file a motion to compel further responses to the first set of interrogatories, if appropriate. Further briefing on such a motion, if filed, shall comply with Local Rule 230(*l*).

1 Plaintiff's request to shorten defendant McCarvel's response time will be denied.

2       Finally, on June 14, 2010, plaintiff filed a request to compel defendant Ramirez to fully respond to the March 15, 2010 set of interrogatories. (Dkt. No. 71.) Plaintiff argues that on May 5, 2010, defendant was granted an extension of time in which to respond to the interrogatories, and plaintiff did not receive the responses until June 3, 2010. Plaintiff seeks a court order requiring defendant Ramirez to "fully respond" to the March 15, 2010 interrogatories.

      Plaintiff's motion to compel defendant Ramirez to "fully respond" to the March 15, 2010 interrogatories is not well-taken and will be denied without prejudice. (Dkt. No. 71.) However, because defendant Ramirez received an extension of time to respond, and plaintiff did not receive the responses until June 3, 2010, the court will grant plaintiff a brief extension of time to file a motion to compel further responses by defendant Ramirez. Plaintiff is cautioned, however, that it is insufficient to simply ask the court to direct defendant Ramirez to "fully respond" to the March 15, 2010 interrogatories. Rather, plaintiff must address only those interrogatory responses that he challenges, and fully support why he alleges the interrogatory response is insufficient. Moreover, plaintiff is cautioned that Fed. R. Civ. P. 33 specifically limits the number of interrogatories, including subparts, that can be propounded to one party absent prior leave of court. Thus, further challenge to those responses will likely be unavailing.

      Except as provided in this order, discovery is now closed. Plaintiff must obtain leave of court prior to seeking any discovery or filing any motions to compel discovery not addressed in this order. Plaintiff shall reference the instant order when filing motions to compel discovery consistent with this order.

      Accordingly, IT IS HEREBY ORDERED that:

1. The May 20, 2010 order to show cause is discharged.

2. Plaintiff's April 12, 2010 motion to compel production of the video recording is denied. (Dkt. No. 47.)

3. Plaintiff's April 12, 2010 motion to compel further production of documents is

granted in part and denied in part, as follows:

        A. Plaintiff's motion to compel further response to Request No. 1 is partially granted. Within thirty days from the date of this order, defendants shall provide the court and plaintiff a list of each document related to the incident at issue herein that defendants contend is confidential and identify the author of the document. Defendants shall explain why each document is confidential, with supporting legal authority, and explain why plaintiff should not have access to the document. Plaintiff may file a response within twenty-one days thereafter.

        B. Plaintiff's motion to compel further responses to Requests Nos. 2 - 4 is denied.

    4. Plaintiff's June 4, 2010 request for nunc pro tunc extension to serve request for admissions is denied. (Dkt. No. 68.)

    5. Plaintiff's June 14, 2010 request to shorten the deadline by which defendant McCarvel must file a responsive pleading is denied. (Dkt. No. 69.)

    6. Plaintiff's June 14, 2010 request is partially granted. (Dkt. No. 70.) Within twenty-one days from the date defendant McCarvel files his answer herein, defendant McCarvel shall update his responses to the interrogatories directed to his answer. Within twenty-one days from the date plaintiff receives defendant McCarvel's supplemental responses, plaintiff may file a motion to compel further responses to the first set of interrogatories, if appropriate. Further briefing on such motion, if filed, shall comply with Local Rule 230(*l*).

    7. Plaintiff's June 14, 2010 motion to compel defendant Ramirez to fully respond to the March 15, 2010 set of interrogatories is denied without prejudice. (Dkt. No. 71.)

////
////
////
////
////

Plaintiff is granted an additional twenty-one days in which to file a motion to compel further responses by defendant Ramirez, which shall be briefed pursuant to Local Rule 230(*l*).

DATED: June 18, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

guev1132.mtc