IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMILCAR GUEVARA,

       Plaintiff,                  No. 2:09-cv-1132 FCD KJN P

   vs.

A. RALLS, et al.,

       Defendants.          ORDER

_____/

       On June 21, 2010, the Magistrate Judge issued an order denying plaintiff's motions to compel. On July 12, 2010,[1] plaintiff filed a request for reconsideration of that order.[2]

---

[1] Local Rule 303(b), states "rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service of the ruling on the parties. . ." Local Rule 303(b). The Supreme Court has held that the situation of pro se prisoners seeking to meet court deadlines is unique and that therefore a document may be "filed" on the date that it is given by an inmate to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988). See Faile v. Upjohn Co., 988 F.2d 985, 987-88 (9th Cir. 1993) (extending the Houston principle to the filing of any document that is served pursuant to Fed. R. Civ. P. 5). Here, plaintiff signed his request for reconsideration on July 1, 2010. Thus, under Houston, plaintiff's filing is timely.

[2] It appears plaintiff seeks a "transcript" of a DVD rather than actual possession of the DVD. Plaintiff is advised that video recordings are not routinely transcribed into written format. If plaintiff wishes to have the DVD transcribed, he must make arrangements with a private company to do so, at his own expense. Plaintiff is reminded that he may view the DVD and take notes rather than having the DVD transcribed.

1

Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." Upon review of the entire file, the court finds that it does not appear that the magistrate judge's ruling was clearly erroneous or contrary to law. Thus, the court will affirm the June 21, 2010 order.

However, in addition, plaintiff points out that he has not received a ruling on his motion to compel defendant Scruggs to fully respond to interrogatories propounded in March, 2010. On June 14, 2010, plaintiff filed a request to compel defendant Scruggs to fully respond to the March, 2010 set of interrogatories. (Dkt. No. 71 at 19.) Plaintiff argues that on May 5, 2010, defendant was granted an extension of time in which to respond to the interrogatories, and plaintiff did not receive the responses until June 3, 2010. Plaintiff objects that defendant Scruggs only provided objections with "partial responses." (Dkt. No. 71 at 19.) Plaintiff seeks a court order requiring defendant Scruggs to "fully respond" to the March, 2010 interrogatories.

Plaintiff's motion to compel defendant Scruggs to "fully respond" to the March, 2010 interrogatories is not well-taken and will be denied without prejudice. (Dkt. No. 71 at 19.) However, because defendant Scruggs received an extension of time to respond, and plaintiff did not receive the responses until June 3, 2010, the court will grant plaintiff a brief extension of time to file a motion to compel further responses by defendant Scruggs. Plaintiff is cautioned, however, that it is insufficient to simply ask the court to direct defendant Scruggs to "fully respond" to the March, 2010 interrogatories. Rather, plaintiff must address only those interrogatory responses that he challenges, and fully support why he alleges the interrogatory response is insufficient. Moreover, plaintiff is cautioned that Fed. R. Civ. P. 33 specifically limits the number of interrogatories, including subparts, that can be propounded to one party absent prior leave of court. Thus, further challenge to those responses will likely be unavailing.

Finally, the court acknowledges plaintiff is not a lawyer. However, plaintiff is cautioned that although he is proceeding without counsel, he is responsible for complying with the court's local rules and the Federal Rules of Civil Procedure. On October 27, 2009, plaintiff

was advised that dispositive motions and motions concerning discovery "shall be briefed pursuant to Local Rule 78-230(m)."  (Dkt. No. 19 at ¶ 7.)  Plaintiff was provided a copy of the local rules at that time.  Since that order, the local rules have been revised.  Accordingly, the Clerk of Court will be directed to provide plaintiff with a current copy of Local Rule 230.

Therefore, IT IS HEREBY ORDERED that:

1.  Plaintiff's July 12, 2010 request for reconsideration is partially granted.

2.  Upon reconsideration, the order of the magistrate judge filed June 21, 2010, is affirmed.

3.  Plaintiff's June 14, 2010 motion to compel defendant Scruggs to fully respond to the March, 2010 set of interrogatories is denied without prejudice.  (Dkt. No. 71 at 19.)  Plaintiff is granted an additional twenty-one days in which to file a motion to compel further responses by defendant Scruggs, which shall be briefed pursuant to Local Rule 230(*l*).

4.  The Clerk of Court is directed to serve a current copy of Local Rule 230 on plaintiff.

DATED: July 30, 2010.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3