1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AMILCAR GUEVARA,

11                Plaintiff,                    No. 2:09-cv-1132 FCD KJN P

12        vs.

13   A. RALLS, et al.,

14                Defendants,            FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17                Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to

18   42 U.S.C. § 1983.  This case is proceeding on the original complaint, filed April 24, 2009.

19   Plaintiff alleges that:  defendant Scruggs allegedly used excessive force against plaintiff;

20   defendant Ramirez allegedly verbally threatened plaintiff while holding on to plaintiff; and

21   defendant McCarvel, responsible for the housing unit, was allegedly indifferent to the use of

22   force on plaintiff.[1]  Pending before the court is the motion for summary judgment filed by

23   defendants Scruggs, Ramirez and McCarvel.  As explained more fully below, the court

24   recommends that the motion for summary judgment be granted.

25   _____

26        [1] Plaintiff also alleges defendant Ralls used excessive force on plaintiff.  Defendant Ralls
     only recently filed an answer in this action, and is not subject to the pending motion.

1

II.  Motion for Summary Judgment

Defendants Scruggs, McCarvel and Ramirez move for summary judgment on the grounds that plaintiff's action is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).  Defendant Ramirez also moves for summary judgment on the grounds that plaintiff alleges defendant Ramirez verbally threatened plaintiff, which fails to state a claim under the Eighth Amendment.[2]  Plaintiff has filed an opposition, and defendants have filed a reply.

A.  Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil procedure 56 is met.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. " Fed. R. Civ. P. 56(a).[3]

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c). "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case."  Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial

---

[2]  Because the court finds defendants' motion for summary judgment well taken under Heck, the court need not reach defendants' alternative grounds for summary judgment.

[3]  Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10, 2010.  However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule 56, "[t]he standard for granting summary judgment remains unchanged."

1  burden of production may rely on a showing that a party who does have the trial burden cannot

2  produce admissible evidence to carry its burden as to the fact").  Indeed, summary judgment

3  should be entered, after adequate time for discovery and upon motion, against a party who fails to

4  make a showing sufficient to establish the existence of an element essential to that party's case,

5  and on which that party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322.

6  "[A] complete failure of proof concerning an essential element of the nonmoving party's case

7  necessarily renders all other facts immaterial."  Id. at 323.

8       Consequently, if the moving party meets its initial responsibility, the burden then

9  shifts to the opposing party to establish that a genuine issue as to any material fact actually exists.

10  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting

11  to establish the existence of such a factual dispute, the opposing party may not rely upon the

12  allegations or denials of its pleadings, but is required to tender evidence of specific facts in the

13  form of affidavits, and/or admissible discovery material in support of its contention that such a

14  dispute exists.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party

15  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

16  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

17  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

18  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

19  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

20  1436 (9th Cir. 1987).

21       In the endeavor to establish the existence of a factual dispute, the opposing party

22  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

23  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

24  versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 630.  Thus, the "purpose of summary

25  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

26  genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

1  committee's note on 1963 amendments).

2          In resolving a summary judgment motion, the court examines the pleadings,

3  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

4  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

5  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

6  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

7  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

8  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

9  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

10 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

11 show that there is some metaphysical doubt as to the material facts. . . . Where the record taken

12 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

13 'genuine issue for trial.'"  Matsushita, 475 U.S. at 586 (citation omitted).

14         By order filed October 27, 2009, the court advised plaintiff of the requirements for

15 opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Dkt.

16 No. 19); see Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v.

17 Eikenberry, 849 F.2d 409 (9th Cir. 1988).

18         B.  Undisputed Facts

19         For purposes of the instant motion for summary judgment, the court finds the

20 following facts undisputed.[4]

21         1.  Plaintiff was in the custody of the California Department of Corrections and

22 Rehabilitation ("CDCR") at the California State Prison-Sacramento ("CSP-SAC") on April 30,

23 2007.

24         2.  Defendants Scruggs and Ramirez are correctional officers employed by the

25 _____

26     [4]  Plaintiff failed to provide a declaration or affidavit signed under penalty of perjury as
   required by Rule 56 of the Federal Rules of Civil Procedure.

CDCR and were assigned to CSP-SAC on April 30, 2007.  Defendant McCarvel is a correctional

sergeant employed by CDCR and was assigned to CSP-SAC on April 30, 2007.

3.   On April 30, 2007, defendant Scruggs was the Facility C, Housing Unit 4,

Floor Officer working the Third Watch, which is from 2:00 p.m. to 10:00 p.m.  At approximately

5:40 p.m., defendant Scruggs was processing a group of inmates from Housing Unit 4 to attend

an Alcoholics Anonymous ("AA") meeting outside of the building.  Processing includes

conducting clothed body searches which allow staff to check for weapons and/or contraband.

4.   Plaintiff was one of the inmates leaving the building to attend an AA meeting.

During the clothed body search of plaintiff, defendant Scruggs noticed that plaintiff was holding

a cup and an unidentified object in plaintiff's right hand.  Defendant Scruggs asked plaintiff what

was in plaintiff's hand, and plaintiff replied that it was a "kite," or note.

5.   Defendant Scruggs told plaintiff that defendant Scruggs needed to see the note.

Plaintiff refused to give the note to defendant Scruggs and told Scruggs, "I can't do that."

6.   What happened next is the subject of a CDCR Rules Violation Report

regarding the use of force during the April 30, 2007 incident that followed.  Plaintiff was charged

with "Resisting Staff Resulting in the Use of Force," Log No. C07-04-101.  Defendants Scruggs,

Ramirez and McCarvel documented what they observed and wrote reports memorializing their

observations, which were included in the CDCR 837 Crime/Incident Report Log #SAC-FAC-07-

04-0321, dated April 30, 2007.

7.   Plaintiff was found guilty of a Division D offense, Resisting Staff Resulting in

the Use of Force for rules violation Log No. C07-04-101.  Plaintiff was assessed a credit loss of

90 days.

8.   Plaintiff's time credits were subsequently restored under California Code of

Regulations, Title 15, §§ 3327 & 3328, because plaintiff remained disciplinary-free.

9.   In order for an inmate to appeal his finding of guilty, the inmate must file a

petition for writ of habeas corpus requesting the court to reverse the disciplinary findings.  If an

1   inmate is successful, the court orders that forfeited credits be returned, and the order would be

2   included in the inmate's C-file.

3         10.  A review of plaintiff's C-file reveals no orders from the court to return any

4   forfeiture of credits or reverse any guilty finding, and plaintiff does not argue that the guilty

5   finding has been reversed or expunged.

6                    C.  Alleged Excessive Force

7         Plaintiff claims, inter alia, that on April 30, 2007, defendant Scruggs used

8   excessive force when Scruggs allegedly sprayed OC pepper spray on plaintiff even after plaintiff

9   assumed the prone position.  (Dkt. No. 1 at 12.)  Plaintiff alleges defendant Ramirez threatened

10  plaintiff verbally while allegedly grabbing and holding on to plaintiff's pants.  (Dkt. No. 1 at 12.)

11  Plaintiff alleges defendant McCarvel was "indifferent to the use of force."  (Dkt. No. 1 at 13.)  It

12  is undisputed that plaintiff was found guilty of "Resisting Staff Resulting in the Use of Force."

13  Defendants seek summary judgment on the grounds that plaintiff's claim implicates the validity

14  of a disciplinary conviction that has not been set aside.  In his reply, plaintiff contends that this

15  action should not be barred because plaintiff is not seeking the restoration of time credits, but

16  simply seeks to have the disciplinary conviction removed from his record.

17        In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held

18  that a suit for damages on a civil rights claim concerning an allegedly  unconstitutional

19  conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence

20  has been reversed on direct appeal, expunged by executive order, declared invalid by a state

21  tribunal authorized to make such determination, or called into question by a federal court's

22  issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.  Under Heck, the

23  court is required to determine whether a judgment in plaintiff's favor would necessarily invalidate

24  his conviction or sentence.  Id.  If it would, the claim must be dismissed unless the plaintiff can

25  show that the conviction or sentence has been invalidated.

26        In Edwards v. Balisok, 520 U.S. 641 (1997), the United States Supreme Court

1    extended the rule of <u>Heck</u> to claims involving prison disciplinary proceedings that resulted in the

2    loss of good-time credits.  Where such claims, if successful, would implicate the validity of the

3    deprivation of good-time credits, they must be dismissed unless the disciplinary conviction has

4    been invalidated.  A "state prisoner's § 1983 action is barred (absent prior invalidation)—no

5    matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

6    (state conduct leading to conviction or internal prison proceedings)—*if* success in that action

7    would necessarily demonstrate the invalidity of confinement or its duration."  <u>Wilkinson v.</u>

8    <u>Dotson</u>, 544 U.S. 74, 81-82 (2005) (emphasis in original).

9         Plaintiff's excessive force claims against defendants Scruggs, Ramirez and

10    McCarvel implicate the validity of the disciplinary conviction that plaintiff seeks to have

11    removed from his record.  Plaintiff's excessive force claims arise from the same facts on which

12    the disciplinary conviction is based, and thus necessarily implicate the validity of the conviction.

13    Accordingly, plaintiff's excessive force claims against defendants Scruggs, Ramirez and

14    McCarvel, based on that disciplinary conviction, must be dismissed without prejudice.  <u>See</u>

15    <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (claims implicating

16    invalidity of conviction do not accrue where the conviction has not been invalidated).[5]

17         D.  <u>Conclusion</u>

18         For all of the foregoing reasons, defendants Scruggs, Ramirez and McCarvel are

19    entitled to summary judgment.

20    ////

21

22         [5]  Plaintiff also alleges defendant Ramirez "started threatening me verbally that he was going to drop me."  (Dkt. No. 1 at 12.)  An allegation of mere threats alone fails to state a claim

23    of cruel and unusual punishment under the Eighth Amendment.  <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987); <u>see Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal

24    abuse nor the use of profanity violate the Eighth Amendment).  Thus, plaintiff's allegation that defendant Ramirez used verbal threats against plaintiff, standing alone, fails to state a cognizable

25    civil rights claim.  To the extent, however, plaintiff is attempting to challenge the use of verbal threats in connection with an alleged use of excessive force by defendant Ramirez, such claims

26    are similarly barred by <u>Heck</u>.

IV.  <u>Recommendations</u>

Accordingly, for all of the reasons set forth above, IT IS HEREBY
RECOMMENDED that the September 24, 2010 motion for summary judgment (dkt no. 85) be
granted as to defendants Ramirez, Scruggs and McCarvel.

These findings and recommendations are submitted to the United States District
Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
one days after being served with these findings and recommendations, any party may file written
objections with the court and serve a copy on all parties.  Such a document should be captioned
"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
objections shall be filed and served within fourteen days after service of the objections.  The
parties are advised that failure to file objections within the specified time may waive the right to
appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 3, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

guev1132.msj

8