1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AMILCAR GUEVARA,

11          Plaintiff,                    No. 2:09-cv-1132 FCD KJN P

12      vs.

13   A. RALLS,                            ORDER AND

14          Defendant,              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17          Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to

18   42 U.S.C. § 1983.  This case is proceeding on the verified original complaint, filed April 24,

19   2009, in which plaintiff alleges that defendant Ralls used excessive force on plaintiff.  Pending

20   before the court is the motion for summary judgment filed by defendant Ralls.[1]  As explained

21   more fully below, the court recommends that the motion for summary judgment be granted.

22   II.  Motion for Summary Judgment

23          Defendant Ralls moves for summary judgment on the grounds that plaintiff's

24   _____

25          [1] Defendant Ralls is the sole remaining defendant.  Defendants Ramirez, Scruggs and
     McCarvel were granted summary judgment on August 18, 2011.  (Dkt. No. 118.)  In light of
26   defendant Ralls' motion, the May 11, 2011 order to show cause, filed on the same day as the
     motion, is discharged.

1

1  action is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and <u>Edwards v. Balisok</u>, 520 U.S.

2  641 (1997).  (Dkt. No. 102.)  Plaintiff filed an opposition on July 28, 2011.  (Dkt. No. 114.)

3  On August 10, 2011, defendant Ralls filed a reply.  (Dkt. No. 116.)

4                    A.  <u>Legal Standard for Summary Judgment</u>

5         Summary judgment is appropriate when it is demonstrated that the standard set

6  forth in Federal Rule of Civil procedure 56 is met.  "The court shall grant summary judgment if

7  the movant shows that there is no genuine dispute as to any material fact and the movant is

8  entitled to judgment as a matter of law. " Fed. R. Civ. P. 56(a).[2]

9            Under summary judgment practice, the moving party always bears
             the initial responsibility of informing the district court of the basis

10            for its motion, and identifying those portions of "the pleadings,
             depositions, answers to interrogatories, and admissions on file,

11            together with the affidavits, if any," which it believes demonstrate
             the absence of a genuine issue of material fact.

12

13  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c).

14  "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove

15  that there is an absence of evidence to support the non-moving party's case." <u>Nursing Home</u>

16  <u>Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)</u>, 627 F.3d 376, 387 (9th

17  Cir. 2010) (citing <u>Celotex Corp.</u>, 477 U.S. at 325; <u>see also</u> Fed. R. Civ. P. 56 advisory

18  committee's notes to 2010 amendments (recognizing that "a party who does not have the trial

19  burden of production may rely on a showing that a party who does have the trial burden cannot

20  produce admissible evidence to carry its burden as to the fact").  Indeed, summary judgment

21  should be entered, after adequate time for discovery and upon motion, against a party who fails to

22  make a showing sufficient to establish the existence of an element essential to that party's case,

23  and on which that party will bear the burden of proof at trial.  <u>Celotex Corp.</u>, 477 U.S. at 322.

24

25       [2]  Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10,
   2010.  However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule

26  56, "[t]he standard for granting summary judgment remains unchanged."

1    "[A] complete failure of proof concerning an essential element of the nonmoving party's case

2    necessarily renders all other facts immaterial." Id. at 323.

3            Consequently, if the moving party meets its initial responsibility, the burden then

4    shifts to the opposing party to establish that a genuine issue as to any material fact actually exists.

5    See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting

6    to establish the existence of such a factual dispute, the opposing party may not rely upon the

7    allegations or denials of its pleadings, but is required to tender evidence of specific facts in the

8    form of affidavits, and/or admissible discovery material in support of its contention that such a

9    dispute exists.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party

10   must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

11   of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

12   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

13   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

14   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

15   1436 (9th Cir. 1987).

16           In the endeavor to establish the existence of a factual dispute, the opposing party

17   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

18   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

19   versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630.  Thus, the "purpose of summary

20   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

21   genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

22   committee's note on 1963 amendments).

23           In resolving a summary judgment motion, the court examines the pleadings,

24   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

25   any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

26   477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

3

1  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

2  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

3  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

4  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

5  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

6  show that there is some metaphysical doubt as to the material facts. . . . Where the record taken

7  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

8  'genuine issue for trial.'"  Matsushita, 475 U.S. at 586 (citation omitted).

9          By order filed October 27, 2009, the court advised plaintiff of the requirements for

10  opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Dkt.

11  No. 19); see Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v.

12  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

13          B.  Undisputed Facts

14          For purposes of the instant motion for summary judgment, the court finds the

15  following facts undisputed.

16          1.  Plaintiff was in the custody of the California Department of Corrections and

17  Rehabilitation ("CDCR") at the California State Prison-Sacramento ("CSP-SAC") on April 30,

18  2007.

19          2.  Defendant Ralls is a correctional officer employed by the CDCR and was

20  assigned to CSP-SAC on April 30, 2007.

21          3.  On April 30, 2007, Correctional Officer Scruggs was the Facility C, Housing

22  Unit 4, Floor Officer working the Third Watch, which is from 2:00 p.m. to 10:00 p.m.  At

23  approximately 5:40 p.m., Scruggs was processing a group of inmates from Housing Unit 4 to

24  attend an Alcoholics Anonymous ("AA") meeting outside of the building.  Processing includes

25  conducting clothed body searches which allow staff to check for weapons and/or contraband.

26  ////

4

4.   Plaintiff was one of the inmates leaving the building to attend an AA meeting. During the clothed body search of plaintiff, Scruggs noticed that plaintiff was holding something in plaintiff's right hand.  Scruggs asked plaintiff what was in plaintiff's hand, and plaintiff replied that it was a "kite," or note.

5.   What happened next is the subject of a CDCR Rules Violation Report regarding the use of force during the April 30, 2007 incident that followed.  Plaintiff was charged with "Resisting Staff Resulting in the Use of Force," Log No. C07-04-101.  Scruggs, Officer Ramirez and Sgt. McCarvel documented what they observed and wrote reports memorializing their observations, which were included in the CDCR 837 Crime/Incident Report Log #SAC-FAC-07-04-0321, dated April 30, 2007.

6.   At some point during this use of force incident on April 30, 2007, defendant Ralls used force on plaintiff.

7.   Plaintiff was found guilty of a Division D offense, Resisting Staff Resulting in the Use of Force for rules violation Log No. C07-04-101.  Plaintiff was assessed a credit loss of 90 days.

8.   Plaintiff's time credits were subsequently restored under California Code of Regulations, Title 15, §§ 3327 & 3328, because plaintiff remained disciplinary-free.

9.   In order for an inmate to appeal his finding of guilty, the inmate must file a petition for writ of habeas corpus requesting the court to reverse the disciplinary findings.  If an inmate is successful, the court orders that forfeited credits be returned, and the order would be included in the inmate's C-file.

10.   A review of plaintiff's C-file reveals no orders from the court to return any forfeiture of credits or reverse any guilty finding, and plaintiff does not argue that the guilty finding has been reversed or expunged.

////

////

5

1          C.  Alleged Excessive Force

2          Plaintiff claims, inter alia, that on April 30, 2007, defendant Ralls used excessive

3  force when defendant Ralls allegedly wrapped his arm around plaintiff's throat, slammed

4  plaintiff to the ground and began choking plaintiff.  (Dkt. No. 1 at 11.)  It is undisputed that

5  plaintiff was found guilty of "Resisting Staff Resulting in the Use of Force."  Defendant Ralls

6  seeks summary judgment on the grounds that plaintiff's claim implicates the validity of a

7  disciplinary conviction that has not been set aside.  In his opposition, plaintiff argues his claim is

8  not barred because "there was no action (legal) taken against plaintiff for the Ralls incident."

9  (Dkt. No. 114 at 3.)

10          In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held

11  that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction

12  or imprisonment cannot be maintained absent proof "that the conviction or sentence has been

13  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

14  authorized to make such determination, or called into question by a federal court's issuance of a

15  writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.  Under Heck, the court is

16  required to determine whether a judgment in plaintiff's favor would necessarily invalidate his

17  conviction or sentence.  Id.  If it would, the claim must be dismissed unless the plaintiff can show

18  that the conviction or sentence has been invalidated.

19          In Edwards v. Balisok, 520 U.S. 641 (1997), the United States Supreme Court

20  extended the rule of Heck to claims involving prison disciplinary proceedings that resulted in the

21  loss of good-time credits.  Where such claims, if successful, would implicate the validity of the

22  deprivation of good-time credits, they must be dismissed unless the disciplinary conviction has

23  been invalidated.  A "state prisoner's § 1983 action is barred (absent prior invalidation) -- no

24  matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

25  (state conduct leading to conviction or internal prison proceedings) -- if success in that action

26  ////

6

1   would necessarily demonstrate the invalidity of confinement or its duration." <u>Wilkinson v.</u>

2   <u>Dotson</u>, 544 U.S. 74, 81-82 (2005) (emphasis in original).

3          Plaintiff's excessive force claims against defendant Ralls implicates the validity of

4   the disciplinary conviction that plaintiff seeks to have removed from his record.  Plaintiff's

5   excessive force claims arise from the same facts on which the disciplinary conviction is based,

6   and thus necessarily implicate the validity of the conviction.  As noted above, the <u>Edwards</u> case

7   expressly extended the <u>Heck</u> doctrine to prison disciplinary proceedings, so plaintiff's argument

8   that it does not apply is unavailing.  Accordingly, plaintiff's excessive force claims against

9   defendant Ralls, based on that disciplinary conviction, must be dismissed without prejudice.  <u>See</u>

10  <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (claims implicating

11  invalidity of conviction do not accrue where the conviction has not been invalidated).

12         D.  <u>Recommendation</u>

13         For the foregoing reasons, defendant Ralls is entitled to summary judgment, and

14  this action should be dismissed without prejudice.  In light of this recommendation, the court

15  need not reach defendant Ralls' alternative arguments.  (Dkt. No. 102 at 5-8.)

16  IV.  <u>Conclusion</u>

17         Accordingly, IT IS HEREBY ORDERED that the May 11, 2011 order to show

18  cause (dkt. no. 101) is discharged; and

19         IT IS RECOMMENDED that the May 11, 2011 motion for summary judgment

20  (dkt no. 102) be granted as to defendant Ralls, and this action be dismissed without prejudice.

21         These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

23  one days after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

26  objections shall be filed and served within fourteen days after service of the objections.  The

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  August 23, 2011

4

5                                           KENDALL J. NEWMAN

6                                           UNITED STATES MAGISTRATE JUDGE

7   guev1132.msj2

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26