IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMILCAR GUEVARA,

        Plaintiff,        No. Civ S-09-1132 KJM KJN P

   vs.

A. RALLS, et al.,

        Defendants.       ORDER

_____/

        Plaintiff requests reconsideration of the order filed August 11, 2011. Plaintiff contends he did not receive the court's order granting plaintiff an extension of time to file objections to the findings and recommendations until after the new deadline ran, and therefore was unable to timely file objections. Plaintiff asks the court to vacate the order adopting the findings and recommendations, and reconsider review of the findings and recommendations.

        Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id. The rule derives from the "law of the case" doctrine, which

1

1  provides that the decisions on legal issues made in a case "should be followed unless there is
2  substantially different evidence . . . new controlling authority, or the prior decision was clearly
3  erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
4  391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.
5  denied, 475 U.S. 1064 (1986).

6  Courts construing Federal Rule of Civil Procedure 59(e), providing for the
7  alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle
8  permitting the unsuccessful party to "rehash" arguments previously presented, or to present
9  "contentions which might have been raised prior to the challenged judgment." Costello v.
10 United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d
11 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280
12 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling
13 resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

14 In the instant action, the record reflects plaintiff had difficulty obtaining access to
15 his legal materials, and plaintiff was transferred twice during the pendency of the May 4, 2011
16 findings and recommendations. Plaintiff was unable to file timely objections because he did not
17 receive the order granting an extension to file objections until after the deadline had run. Good
18 cause appearing, plaintiff's request for reconsideration is granted. The August 18, 2011 order is
19 vacated.

20 Moreover, review of the record demonstrates plaintiff's claims may not be subject
21 to the favorable termination rule under Heck v. Humphrey, 512 U.S. 477 (1994) or Edwards v.
22 Balisok, 520 U.S. 641, 648 (1997). Compare Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.
23 1996) (holding that Heck did not bar Smithart's excessive force claim because even though
24 Smithart had been convicted of assaulting his arresting officers by driving a truck toward them,
25 the officers' alleged excessive force took place after he had exited his truck, and thus did not
26 necessarily invalidate his conviction), with Cunningham v. Gates, 312 F.3d 1148, 1152, 1154-55

1  (9th Cir. 2002) (holding that Heck barred Cunningham's excessive force claim because the jury, in convicting Cunningham of felony murder, necessarily found that he had "intentionally provoked the deadly police response," and therefore a finding of excessive force on the part of the police would have invalidated the jury finding and his conviction). See also Hooper v. County of San Diego, 629 F.3d 1127 (9th Cir. 2011) (Fourth Amendment excessive force claim not Heck-barred because "[a] holding in Hooper's § 1983 case that the use of the dog was excessive force would not 'negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [Hooper's] attempt to resist it [when she jerked her hand away from Deputy Terrell.]'"). Accordingly, this case is remanded to the magistrate judge for further proceedings in light of this authority.

Finally, the record reflects that during the rules violation hearing on April 30, 2007, prison officials viewed a "video CD" of at least part of the incidents at issue here. (ECF No. 85-6 at 8.) Counsel for defendant Scruggs is ordered to submit the April 30, 2007 "video CD" or a copy of the April 30, 2007 "video CD" to the court within fourteen days, or provide a declaration why the "video CD" cannot be produced.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's September 9, 2011 motion for reconsideration (ECF 123) is granted;

2. Upon reconsideration, the August 18, 2011 order (ECF 118) is vacated;

3. Within fourteen days from the date of this order, counsel for defendant Scruggs shall submit the April 30, 2007 "video CD" or a copy of the April 30, 2007 "video CD" to the court, or provide a declaration why the "video CD" cannot be produced; and

4. This case is remanded to the magistrate judge for further proceedings.

DATED: February 16, 2012.

UNITED STATES DISTRICT JUDGE

/guev1132.850