IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMILCAR GUEVARA,

      Plaintiff,                       No. 2:09-cv-1132 KJM KJN P

     vs.

A. RALLS, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. On September 10, 2012, plaintiff advised the court that he wished to reopen the September 24, 2010 motion for summary judgment in light of *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012).

        In light of *Woods*, the March 8, 2012 findings and recommendations and the March 29, 2012 order are vacated, in part, only as to the rulings on defendants' September 24, 2010 motion for summary judgment. Defendants' September 10, 2010 motion for summary judgment is denied without prejudice to renewal. Defendants Ramirez, Scruggs, and Macarvel shall re-file the motion for summary judgment within thirty days from the date of this order. Defendants must contemporaneously serve with the motion, but in a separate document, a copy of the attached notice. *See Woods*, 684 F.3d at 935; *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Briefing on the motion is governed by Local Rule 230(l).

1    As explained in the August 22, 2012 order, the reopening of the motion for
2 summary judgment requires the court to vacate the pretrial conference, trial confirmation
3 hearing, and jury trial dates to allow time for briefing and resolution of the re-filed motion.  The
4 court will issue a revised scheduling order once the motion is resolved.
5    Accordingly, IT IS HEREBY ORDERED that:
6    1. The March 8, 2012 findings and recommendations and the September 24, 2012
7 order (dkt. nos. 128, 129) are vacated, in part, only as to the rulings on defendants' September
8 24, 2010 motion for summary judgment;
9    2. Defendants' September 24, 2010 motion for summary judgment (dkt. no. 85),
10 is denied without prejudice;
11    3. Within thirty days from the date of this order, defendants Ramirez, Scruggs,
12 and Macarvel shall re-file the motion for summary judgment, accompanied by the attached
13 notice;
14    4. The May 1, 2012 further scheduling order (dkt. no. 130) is vacated; and
15    5. The November 1, 2012 trial confirmation hearing, and the December 10, 2012
16 jury trial, set before the undersigned, are vacated.
17 DATED: September 18, 2012.

_____
UNITED STATES DISTRICT JUDGE

*Rand* Notice[1]

The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998).